# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al*.,<br><br>Plaintiff,<br><br>v.<br><br>PEDONE & PARTNERS, INC DBA LUXE COLLECTIVE GROUP,<br><br>Defendant. | Adv. Pro. No. 25-50853 (TMH) |

**DEFENDANT PEDONE & PARTNERS, INC. D/B/A LUXE COLLECTIVE GROUP'S
ANSWER TO COMPLAINT**

Defendant Pedone & Partners, Inc. d/b/a Luxe Collective Group ("Luxe") hereby submits its Answer to the Complaint (the "Complaint") filed by the George L. Miller (the "Trustee") in his capacity as Chapter 7 Trustee of Christmas Tree Shops, LLC, *et al.* (the "Debtor"). Luxe denies each and every allegation contained in the Complaint except those specifically admitted below. Luxe further states as follows:

## BACKGROUND

1. Admitted.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

33345287.1

2. Admitted.

## THE PARTIES

3. Admitted only that the Trustee was appointed in these chapter 7 cases. The allegations in the second sentence of Paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is required, Luxe admits that the Trustee references the Bankruptcy Code with respect to the powers granted to a trustee under chapter 7 of the Bankruptcy Code. To the extent the allegations in Paragraph 3 are inconsistent with the powers granted to a trustee under chapter 7 of the Bankruptcy Code, Luxe denies such allegations.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted only that the Trustee consents to the entry of final orders or judgments by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United Stated Constitution. By way of further response, pursuant to Rule 7012-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, and only with respect to the claims and causes of action asserted by the Trustee in the Complaint, Luxe consents to the entry of final orders or judgments by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United Stated Constitution.

8. Admitted.

## BASIS FOR RELIEF REQUESTED

9. Admitted only that the Trustee references various sections of the Bankruptcy Code and certain rules of the Federal Rules of Bankruptcy Procedure. Luxe denies any implication that

33345287.1

2

such sections and rules are applicable to the above-captioned adversary proceeding. By way of further response, Luxe denies that the requested relief is warranted.

## FACTS

10. Luxe lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint. Such allegations are therefore denied.

11. Luxe admits that the Declaration of *Marc Salkovitz, Executive Chairman, in Support of First Day Relief* was filed at docket number 12 and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* was filed at docket number 23 (together, the "First Day Affidavit"). Luxe lacks sufficient information to form a belief as to the truth of the facts and circumstances set forth in Paragraph 11. Such allegations are therefore denied.

12. Luxe admits only that the Trustee included as Exhibit A a statement of account listing purported transfers from the Debtors to Luxe between February 17, 2023, and April 5, 2023. Luxe denies the balance of the allegations in Paragraph 12 of the Complaint.

13. Luxe admits only that the Trustee included as Exhibit A a statement of account listing purported transfers from the Debtors to Luxe between February 17, 2023, and April 5, 2023. Luxe denies the balance of the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 14 of the Complaint.

## FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

15. Luxe realleges and incorporates its responses to each and every allegation contained in the preceding paragraphs.

33345287.1

16. Luxe admits only that the Trustee included as Exhibit A a statement of account listing purported transfers from the Debtors to Luxe between February 17, 2023, and April 5, 2023. Luxe denies the balance of the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 22 of the Complaint.

23. Luxe denies the allegations set forth in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 24 of the Complaint.

## SECOND CLAIM FOR RELIEF
(For Recovery of Property – 11 U.S.C. § 550)

25. Luxe realleges and incorporates its responses to each and every allegation contained in the preceding paragraphs.

26. The allegations in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Luxe denies the balance of the allegations in Paragraph 27 of the Complaint.

## RESPONSE TO THE TRUSTEE'S PRAYER FOR JUDGMENT

Luxe denies that the Trustee is entitled to any of the relief he seeks in the Complaint.

## AFFIRMATIVE DEFENSES

Luxe asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses. By designating these matters as "defenses," Luxe does not suggest that (i) the Trustee does not bear the burden of proof as to such matters, or (ii) such matters are not elements that the Trustee must establish to make out a prima facie case against Luxe.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

## SECOND AFFIRMATIVE DEFENSE
### (Barred by the Bankruptcy Code)

The Trustee's claims are barred, in whole or in part, pursuant to the relevant provisions of the Bankruptcy Code, including 11 U.S.C. §§ 547 and 550.

## THIRD AFFIRMATIVE DEFENSE
### (11 U.S.C. §§ 547(b), (g))

The Trustee has not met all the requirements of proving a cause of action under 11 U.S.C. § 547(b), as required by 11 U.S.C. § 547(g).

## FOURTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 547(c)(1))

To the extent the Trustee satisfies the requirements of proving a cause of action under 11 U.S.C. § 547(b), the alleged transfers cannot be avoided because to the extent Luxe received the transfers, the alleged transfers were in contemporaneous exchange for new value as set forth in 11 U.S.C. § 547(c)(1).

## FIFTH AFFIRMATIVE DEFENSE
### (11 U.S.C. §§ 547(c)(2))

To the extent the Trustee satisfies the requirements of proving a cause of action under 11 U.S.C. § 547(b), the alleged transfers cannot be avoided because to the extent Luxe received the transfers, the alleged transfers were made in the ordinary course of business as set forth in 11 U.S.C. § 547(c)(2).

## SIXTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 547(c)(4))

To the extent the Trustee satisfies the requirements of proving a cause of action under 11 U.S.C. § 547(b), the alleged transfers cannot be avoided because to the extent Luxe received the transfers, the alleged transfers were in exchange for subsequent new value as set forth in 11 U.S.C. § 547(c)(4).

### SEVENTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 550(a))

The Trustee has not met all the requirements of proving a cause of action under 11 U.S.C. § 550(a) because Luxe received the alleged transfers as a mere conduit and did not exercise dominion or control over those funds.

### EIGHTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 550(b))

To the extent the Trustee satisfies the requirements of proving a cause of action under 11 U.S.C. § 547(b) and/or § 550(a), and the Court subsequently avoids said transfers, the Trustee cannot recover the alleged transfers because to the extent Luxe received the transfers, Luxe took for value and in good faith, for fair consideration or reasonably equivalent value, and without knowing the avoidability of the transfers at the time they were made as set forth in 11 U.S.C. § 550(b).

### NINTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 550(b))

To the extent Luxe is an immediate or mediate transferee of the alleged transfers, Luxe received such transfers from immediate or mediate good faith transferees.

### TENTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 502(h))

To the extent the Trustee recovers from Luxe, Luxe reserves its right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Assertion of Equitable Doctrines)**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of setoff, offset, netting, recoupment, and/or other equitable doctrines pursuant to applicable statutory and common law.

**TWELFTH AFFIRMATIVE DEFENSE**
**(General Denial)**

Luxe denies that the Trustee is entitled to any of the relief sought in the Complaint.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to assert and/or supplement this Answer, its Affirmative Defenses, and all other pleadings. Defendant asserts all other defenses that may be revealed during the course of discovery or other investigation.

**LUXE'S REQUEST FOR RELIEF**

WHEREFORE, Luxe requests judgment dismissing the Complaint with prejudice, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated: July 14, 2025<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Renae P. Pagano*<br>Kevin A. Guerke (No. 4096)<br>Matthew B. Lunn (No. 4119)<br>Renae P. Pagano (No. 6889)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:   (302) 571-1256<br>Emails:       kguerke@ycst.com<br>                     mlunn@ycst.com<br>                     rpagano@ycst.com<br><br>*Counsel for Pedone & Partners, Inc. d/b/a Luxe Collective Group* |

33345287.1